### KERR v. LUTTRELL et al.

No. 21303. Opinion Filed May 27, 1930.

McPherren & Maurer, for plaintiff in error.

J. Berry King, Atty. Gen., W. C. Lewis, Asst. Atty. Gen., and A. W. Gilliland, Special Asst. Atty. Gen. (S. W. Hayes, of counsel), for defendants in error.

CLARK, J. This cause presents error from the district court of Oklahoma county, wherein plaintiff in error was plaintiff below and defendants in error were defendants below. The parties will be referred to as plaintiff and defendants. Plaintiff brought this action against the defendants, seeking injunctive relief against the execution and enforcement on the part of defendants of chapter 241 of the Session Laws of Oklahoma 1929, relating to primary and general elections. Plaintiff alleges the act in question is unconstitutional and inoperative. He alleges: First, that the title of the act covers more than one subject. Second, that the said act does not afford the electors of the state a free and equal election as is required by section 7, art. 3, and other provisions of the Constitution of Oklahoma. Third, that by reason of the provisions of said act the electors of the state may and will probably be prevented from the free exercise of the right of suffrage as is guaranteed under the provisions of section 4 of art. 2 of the Constitution of Oklahoma because of the shortness of time intervening between the so-called regular primary, which is in fact only a preliminary so-called primary and the so-called run-off primary to be thereafter held. Fourth, that section 2, among other things, provides:

" 'Where there are more than one nominee to be selected for an office in one nominating district, the offices shall be designated and distinguished by number, such as (naming the office) No. 1, (naming the office) No. 2, etc. A candidate filing for such an office shall designate in his nominating petition the number of the office for which he desires to be a candidate, and the primary election ballot shall so show. Nominees of each of such numbered offices shall be designated on the general election ballot as the nominee of their party for the same number of the office for which he was nominated and the nominee securing at said election the highest number of votes cast for said numbered office shall be elected to such office.'

"That this provision interferes with and prevents the free exercise of the right of suffrage and is violative of the Constitution of the state of Oklahoma, and under its provisions candidates for such offices may be nominated and elected to office without having received either a plurality or majority of the votes cast for such office in said elections. That the said provision unlawfully and arbitrarily requires the candidate to select the designated number of an office and provides that the person receiving the highest number of votes therefor should be declared to be the nominee and unlawfully restricts the electors in voting for the said candidates, and is violative of the Constitution and laws of the state."

Fifth, that said act is impossible of execution in that the same is contrary to and irreconcilable with the provisions of the Constitution and laws of the state, and impossible of performance. Sixth, that section 2 of the said act further provides: That nomination for any special election, held for the purpose of filling a vacancy in any office or offices caused by death, resignation, or removal, may be made by delegate convention, if, in the judgment of the State Election Board, the time is too short in which to hold a primary election, or the cost of holding the same would be excessive or unnecessarily burdensome. That this provision is violative of section 5 of article 3 of the Constitution of Oklahoma. Seventh, that the provisions of said act re-

quiring the holding of the so-called regular primary election on the said last Tuesday in July preparatory to the holding of the primary election on the following second Tuesday in August is violative of the provisions of the Constitution and an unreasonable burden upon the taxpayers and an unreasonable interference with the suffrage of the electors of the state.

These are the material allegations of plaintiff's petition. Defendants in their answer admit the jurisdictional facts alleged in petition of plaintiff, but deny each and all the above enumerated grounds for such relief, and specifically allege the said chapter 241, Session Laws 1929, to be constitutional and valid. On the issues thus joined, a hearing was had in the district court, the evidence taken, and judgment entered for defendants, which reads in part as follows:

"The court, being fully advised in the premises, finds that the allegations of plaintiff's petition were not supported by the evidence, and therefore finds all issues of fact and law in favor of the defendants, and that judgment should be rendered for the defendants, and it is adjudged that plaintiff's cause be dismissed and the defendants go hence without day, and that they recover their costs herein expended."

Motion for new trial was filed and overruled, and the cause is brought here by plaintiff for review. Eleven assignments of error are presented to this court in the petition in error, which will not be considered separately, but will be considered as a whole in determining the issues in this case. It is first contended that this act is violative of section 57 of article 5 of the Constitution of Oklahoma, which reads as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of the statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The title of chapter 241, supra, reads as follows:

"An Act relating to Primary and General Elections, amending sections 6093 and 6094, Compiled Oklahoma Statutes 1921, repealing chapter 63, Oklahoma Session Laws 1927,

in so far as said chapter applies to primary elections."

This court in the case of Oklahoma Light & Power Co. v. Corporation Commission, 96 Okla. 19, 220 Pac. 54, in the first paragraph of the syllabus says:

"Section 57, article 5, of the Constitution of Oklahoma, providing every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, is satisfied if the act has but one general subject and that is fairly indicated by the title. It may have many details, but if they all relate to the same general subject or object, they are properly included therein. The purpose of this provision of the Constitution was to forbid the Legislature from embracing in any one act two or more unconnected subjects."

In State v. Nichols, 50 Wash. 508, 97 Pac. 728, the Supreme Court of Washington had under consideration a constitutional provision similar to ours. The act involved was entitled:

"An Act relating to, regulating and providing for the nomination of candidates for public office in the state of Washington, and providing penalties for the violation thereof, and declaring an emergency." Laws 1907, p. 457.

In holding the title embraced but one subject, the court said:

"This court has often held that the title of an act, in order to comply with the constitutional provision above quoted, need not be an index to the contents of the act; that the purpose of the title is to call attention to the subject-matter of the act, so that any one reading it may know what matter is being legislated upon, and it is sufficient when it is broad enough to accomplish that purpose. For the various provisions constituting the act the body of the act must be consulted; the title being neither expected nor required to give details. (Citing cases.) The title of the act in question, it will be observed, is at once broad and comprehensive. Any provision which legitimately relates to, regulates or provides for, the nomination of candidates for public office in the state of Washington can be enacted thereunder. So measured, we do not find anything within the act that is not strictly within the title."

Considering the title to this act, in view of the many authorities construing section 57 of article 5, supra, we are of the opinion that the title of the act under consideration embraces but one subject, and that said subject is clearly expressed in the title. We, therefore, hold that said act is not in contravention of section 57 of article 5 of the Constitution of Oklahoma, supra.

Plaintiff next contends that the act is violative of sections 5, 6, and 7 of article 3 of the Constitution of Oklahoma, which are as follows:

"5. The Legislature shall enact laws providing for a mandatory primary system, which shall provide for the nomination of all candidates in all elections for state, district, county, and municipal officers, for all political parties, including United States Senators: Provided, however, this provision shall not exclude the right of the people to place on the ballot by petition any nonpartisan candidate.

"6. In all elections by the people the vote shall be by ballot and the Legislature shall provide the kind of ticket or ballot to be used and make all such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot; and may, when necessary, provide by law for the registration of electors throughout the state or in any incorporated city or town thereof, and when it is so provided, no person shall vote at any election unless he shall have registered according to law.

"7. * * * No power, civil or military, shall ever interfere to prevent the free exercise of the right of suffrage, and electors shall, in all cases, except for treason, felony, and breach of peace, be privileged from arrest during their attendance on elections and while going to and from the same."

A part of section 2 of chapter 241, Session Laws 1929, reads as follows:

"Provided, that nomination for any special election held for the purpose of filling a vacancy in any office or offices caused by death, resignation or removal, may be made by delegate convention, if, in the judgment of the State Election Board, the time is too short in which to hold a primary election, or the cost of holding the same would be excessive or unnecessarily burdensome."

This part of the act is not called in question by plaintiff below for the reason it is not alleged that the State Election Board was attempting to call a convention for the purpose of nominating candidates as provided by this section.

In the case of Dove v. Oglesby, 114 Okla. 144, 244 Pac. 798, in the third and fourth paragraphs of the syllabus this court said:

"Under our scheme or plan for holding elections and exercising the right of suffrage as provided in article 3 of the Constitution, primary elections are made a component element of the right of suffrage. They are made a necessary prerequisite to a general or final election, and the free exercise of the right of suffrage is just as necessary in primary elections as in general elections, and hence, the provisions in section 7, art. 3, of the Constitution apply in primary elections the same as in general elections.

"The obligations and restrictions imposed upon a voter by section 1 of chap. 29, S. L. 1925, constitute a material interference with that constitutional guaranty in section 7, art 3, supra, that no power shall ever interfere to prevent the free exercise of the right of suffrage."

Also, in Dancy v. Peebly, 132 Okla. 84, 270 Pac. 311, this court, in construing section 5 of article 3, supra, said in the first paragraph of the syllabus:

"By virtue of section 5, art. 3, of the Constitution of this state, the electors of political parties are entitled to cast their votes in a direct manner for their choice between opposing candidates for the nomination of a particular elective office, and the Legislature is without power to substitute or delegate the right of such choice to any person, body, or convention."

We are of the opinion that the Legislature is without authority under this section of the Constitution to substitute conventions for the primary elections provided in this section, and the Legislature, being without such authority, could not delegate this authority to the State Election Board. In so far as this act provides or gives the State Election Board authority to call conventions for the purpose of nominating candidates for office of the respective parties in Oklahoma, the same is unconstitutional and inoperative. This does not invalidate that part of this act which provides for primary elections. The provisions of this act for primary elections are in accordance with the Constitution rather than contrary to the provisions of the Constitution. There is nothing in the act providing for primary elections and the manner of holding the same which is violative of sections 5, 6, and 7 of article 3, supra.

It is next contended that said act is unconstitutional and invalid for the reason that, the regular primary being held on the last Tuesday in July and the run-off primary on the second Tuesday in August, the time is insufficient for the election officials to prepare and present the ballots and election supplies to the precinct election officials in time for such an election, and that the same would deny the voters the right to vote, for the reason it would be impossible for the ballots and supplies to be delivered to the precinct officials in time to hold the election. The Legislature in its wisdom fixed this time. This court will not attempt to legislate. The proof in this case clearly

establishes that in the judgment of those who are familiar with the workings of the election officials all supplies can be delivered to each and every precinct in the state in time for the holding of the election.

This was a question of fact presented to the trial court, and the trial court found against the contention of plaintiff in error, and the finding of that court will not be disturbed on review unless clearly against the weight of the evidence. Under this record the evidence does not show that the act is not workable.

It is next contended that the provisions of the act which are as follows are unconstitutional:

"Where there are more than one nominee to be selected for an office in one nominating district, the offices shall be designated and distinguished by number, such as (naming the office) No. 1, (naming the office) No. 2, etc. A candidate filing for such an office shall designate in his nominating petition the number of the office for which he desires to be a candidate, and the primary election ballot shall so show. Nominees of each of such numbered offices shall be designated on the general election ballot as the nominee of their party for the same number of the office for which he was nominated and tue nominee securing at said election the highest number of votes cast for said numbered office shall be elected to such office."

It further provides in case of a tie that the nomination and election may be settled by lot. It is contended that this section denies the elector equal right of suffrage. With this contention we do not agree. If four candidates were seeking the nomination in a district where four officers were to be elected for the same office, they would be designate I on the ballot as 1, 2, 3, and 4, and each candidate seeking the nomination for this particular office in this county or district could be placed in any one of the four groups, and a voter voting at the primary election would be entitled to vote for one candidate in each of the four groups. He could not vote for two candidates for the same office in the same group as to that particular office. If he voted for two, it would destroy the force and effect of his ballot and the same would be mutilated as to that particular group. When the voter has a right to vote in all groups where more than one official is to be selected for the same office, this does not deprive him of any constitutional right. This part of the act is valid and workable.

The Legislature is commanded by the Constitution to provide the primary election for nomination of candidates for political parties, and it was a forward step when it provided that each candidate who goes on the ballot as a candidate of his party should receive a majority of the voters of that party voting at an election held for that purpose before he should be declared the nominee of that party. This act is workable and constitutional. Judgment of the trial court is affirmed.

LESTER, V. C. J., and HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., absent. RILEY, J., not participating.

Note.—See under (1) 21 R. C. L. p. 848; R. C. L. Perm. Supp. p. 5617. See "Elections," 20 C. J. §110, p. 113, n. 1; p. 114, n. 2. "Statutes," 36 Cyc. p. 1022, n. 1; p. 1039, n. 75.