*296
 
 nicipal court of Cleveland; (2) said act contravenes various provisions of the Ohio Constitution and is violative of the Fourteenth Amendment of the Federal Constitution.
 

 1. Section 1579-5, General Code, a section of the Cleveland Municipal Court Act (in existence prior to the act of 1931), provides that the Cleveland municipal judges shall be elected “in the manner provided by law for the election of judges of the court of common pleas.” It is argued that the legislative intention therein was to provide for the election of municipal judges in the manner common pleas judges were then elected, and did not apply to the manner provided by any future law governing the election of common pleas judges. In other words, counsel for the relator contend that the foregoing section should be interpreted so as to read: ‘ ‘ Such judges shall be elected by the electors of the city of Cleveland in the manner (now) provided by law for the election of judges of the court of common pleas. ’ ’
 

 We are unanimously of the opinion that Section General Code, cannot be so narrowly inter-dieted or restricted; and that it applies to the manébr of electing common pleas judges then in force, &r to the manner which might thereafter, from time Jo tim|| be lawfully adopted by the General AsJlembbgi (^Without alluding to the many cases susSaining^ ralis principle we shall merely cite volume Lei&feJ' Su^ierland Statutory Construction, Section ^5gand|j¡p|jshorities therein cited.
 

 2. ^fc^onegj^ndjnore important, is the relator’s eont^-tion 10 a§? the^method employed by Section
 
 -A78530,
 
 (l^^hioJjlg¡§vs, 214), effective August 2, ^L931^ ^qui^ng the^designgtion of his opponent by
 
 *297
 
 a judicial candidate, is violative of the provisions of the Ohio Constitution. The section under attack reads as follows:
 

 “Where two or more judges of the court of common pleas are to be elected in a county at any one election, the various candidates for such office shall designate in their respective declarations of candidacy at a party primary the particular term for which each is a candidate by naming the incumbent he seeks to succeed, or in case of a vacancy, shall designate such vacancy by the name of the last incumbent,” etc.
 

 The provisions of Section 4785-71a (and the co-related sections of the same act), dealing with certain judicial offices, and requiring a candidate for one of such offices to designate the particular term for which he is a candidate, “by naming the incumbent he seeks to succeed,” is challenged because of the constitutional invalidity of that requirement, and particularly for the reason that it is violative of Section 2, Article I, and Section 28, Article II, of the Ohio Constitution, the first article providing that political power is inherent in the people and that government is instituted “for their equal protection and benefit;” the second that “all laws, of a general nature, shall have a uniform operation throughout the State.” It is of course fundamental that in political questions such as this the Legislature has full power to act, unless prohibited by constitutional provisions.
 

 In order to test the validity of the provisions of the act of 1931, here challenged, it is essential in determining its constitutionality that we inquire into its effect and operation, and to ascertain how, if at
 
 *298
 
 all, it affects the inalienable right of an elector to vote for a public office and the right of a qualified candidate to seek such office.
 

 In Cleveland there are five municipal judges to be elected for the term of six years, each term beginning at the same time, January 1, 1932. Under above act a candidate for such office is required, in his declaration, to
 
 designate
 
 the particular term for which he is a candidate and to name the incumbent he seeks to succeed.
 

 The argument of counsel for the board of elections sustaining the constitutionality of the law, as shown by their brief, is as follows: That there is but one court of common pleas, and each judge holds an office for its own term; that each judge holds an office which is “a separate and distinct position on the court;” “that each judge of the common pleas court, as well as the municipal court, holds a distinct office;” counsel for respondent argue that this is tantamount to a situation where one becomes a candidate for one of two judicial offices, the terms of which expire at different times. Their argument rests upon a fallacy. Here is but one office and but a single term. The judges who are to be elected all fill the same term of office; they do not fill distinct offices; nor do they perform different functions, but all perform the same duties during the period of their same official term. This has always been recognized heretofore in preceding elections where all candidates became contestants against one another for the expired terms of the various incumbents.
 

 If this species of legislation is upheld, and similar legislation is adopted pertaining to candidates for two or more places in the General Assembly, or for
 
 *299
 
 other elective offices where the candidate is required to designate the name of the incumbent he desires to succeed, such legislation, alike in principle, must also be sustained.
 

 Here are five candidates seeking the same office, that of municipal court judge, and for the same period. How can we justify legislation which prevents a candidate from pitting himself against a field of five, and which confines his candidacy to a contest against a single opponent, where there is but one office to fill though there be several aspirants for that office? How justify legislation that deprives an elector from voting for his choice against a field of candidates who all seek the same office —which confines his right of voting against one of the five only, that one being the incumbent? If otherwise constitutional, a classification which makes a distinction between an incumbent of an office and one who seeks it is indefensible, and is not justified under our system of government. It does not give equal opportunity to the candidate or to the elector; nor does such a system furnish them the equal protection and benefits of our laws guaranteed by Article I, Section 2, of our organic law. And especially is the equal protection clause violated if the incumbent of an office is given an undue advantage over a qualified candidate who seeks it. Relator challenges the constitutionality of the act because an advantage has thereby been given to the incumbent in office. Counsel for respondent do not wholly concede this; but, if such be so, they justify the act because by means of it one who is in office occupies a particular
 
 status,
 
 wherein he runs upon his record; or as counsel say in their
 
 *300
 
 brief: “If Ms record is good, he may reap some benefit therefrom; bnt, conversely, if his record is evil he will be handicapped thereby,” The concession that an incumbent may be advantaged in the ensuing election by his past record does not impress us, because an incumbent would enjoy that advantage in any event, and regardless of the act of 1931. Under our system of constitutional government, any one otherwise qualified has an inherent right to seek and hold public office, and to be placed on an equal plane with others in that respect, and we can perceive no reason why a distinction should be made between the incumbent of an office and him who seeks it; certainly if legislation places the former in a more favorable position, as tMs act seems to do, such a method of legislation is invalid.
 

 An incumbent in a judicial office may be a worthy official; and if he be a candidate for re-election, he, like other officials, relies upon his record. But this furnishes no reason why other qualified lawyers who seek the office should confine their candidacy to a contest against a single incumbent and not direct it against the entire field of candidates for an office the terms of which all expire at the same time.
 

 Furthermore, if it be the purpose of the act that the candidate shall be a contestant, against the single incumbent he desires to succeed, and against Mm only, then it is possible for such incumbent to emerge as a victor in the election although he received a lesser number of votes for the office than did others who were candidates at the election for the same office, contrary to the spirit and requirement reflected in Section 4785-158, General Code, stipulating that “the person receiving the
 
 highest number of
 
 
 *301
 

 votes for each office
 
 * * * shall be deemed elected.”
 

 If the field of candidates were pitted one against another under that section, the five candidates receiving the highest number of votes cast for municipal judge would be elected; but under the method here sought to be employed a candidate receiving less than the highest number of votes for the office might be victorious.
 

 Under the facts conceded and agreed upon, it is the opinion of the court that the judgment of the Court of Appeals should be reversed, and that a writ of mandamus should forthwith issue commanding the respondent to certify relator’s name, as prayed for, and to place his name on the official ballot in the manner provided by law.
 

 Judgment reversed and writ allowed.
 

 Matthias, Day, Allen, Kinkade aiid Robinson, JJ., concur.