[S. F. No. 14684. In Bank.—June 21, 1932.]

GEORGE J. STEIGER, Petitioner, v. C. J. COLLINS, as Registrar, etc., Respondent.

Leo R. Friedman and Robert E. Fitzgerald for Petitioner.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, Maurice E. Harrison, Max C. Sloss, Charles A. Shurtleff, Edward I. Barry, Lloyd W. Dinkelspiel and John R. Golden for Respondent.

Charles A. Beardsley, Thomas J. Ledwich, Garret W. McEnerney, Andrew F. Burke, Kemper Campbell, Henry F. Prince and Alex. W. Davis, as *Amici Curiae* on Behalf of Respondent.

WASTE, C. J.—Petitioner, a potential candidate for election to the office of judge of the Superior Court of the State of California, in and for the City and County of San Francisco, seeks a writ of mandate to compel the respondent, as registrar of voters, to accept and file petitioner's declaration of candidacy, and to transmit the same to the Secretary of State as required by the election laws. The respondent demurs to the petition. He refuses to receive and file the declaration of candidacy for the reason that petitioner has not specified in said declaration for which of the so-called number-designated offices of superior judge he is a candidate.

The Constitution of California has provided, since 1908, that the legislature shall enact laws providing for the direct nomination by the electors of candidates for public office. (Art. II, sec. 2½.) Pursuant to this mandate of the Constitution, the legislature, in 1927, passed a statute (Stats. 1927, chap. 316, p. 528, amended in 1931, Stats. 1931, chap. 150, p. 210) regulating "the method of nominating, voting for and electing candidates for judicial offices at primary and general elections by giving each office a designating

number for the purpose of elections where two or more judges or justices of any court of record are to be elected for the same term at the same election'', which act reads as follows:

''Section 1. In any election hereafter held at which two or more judges or justices of any court of record, or of any justice of the peace court, or of any other inferior court now existing or which may hereafter be provided by law, are to be elected for the same term, and in the primary election preceding such election, it shall be deemed for all purposes of such election and primary election, and all stages and proceedings thereof, including the canvass of returns and the declaration of the result, that there are as many separate judicial offices to be filled as there are judges or justices of said court to be elected, each of said separate offices shall be designated by a distinguishing number not greater than the total number of such judges or justices to be elected for the same term at the same election.

''Such designation shall remain the same for all purposes of both primary and general election and shall be used on all nomination papers, certificate of nomination, ballots, certificate of election and on all election papers referring to such office.

''After election and the issuance of the certificates of election such designating number shall have no further significance.

''Sec. 2. Each candidate for judicial office for which two or more judges or justices are to be elected for the same term at the same election as herein provided, not more than ten days nor less than five days prior to the first day on which his nomination papers may be circulated and signed, shall file in the office in which his nomination papers are required to be filed, a written and signed declaration of his intention to become a candidate for such office and shall state in such declaration for which of the said number-designated offices of courts of record he intends to become a candidate.

''Sec. 3. Such offices shall be separately designated for such numbers upon all ballots and separately grouped and arranged thereon in numerical order. No person may be a candidate nor have his name printed upon any ballot as a candidate for any other of such number-designated offices

than the one designated by him in his declaration of intention to become a candidate.''

Respondent cites the provisions of this statute in justification of his refusal to accept and file the declaration of petitioner.

 Petitioner contends that the act is unconstitutional in that it attempts to change the provisions of the general primary law by dividing the superior court of any county or city and county into as many courts as there are judges to be elected, and requires that any candidate for such office must select which particular judgeship he is a candidate for, instead of allowing him merely to run against all other contenders for the office of judge of the superior court. His contention rests wholly upon the provisions of the state Constitution (art. VI, sec. 6) that ''There shall be in each of the organized counties, or cities and counties, of the state, a superior court, for each of which at least one judge shall be elected. . . . '' Therefore, argues petitioner, there can be but one office of superior judge, and the act of 1927, *supra*, is unconstitutional in that it makes for all purposes of general and primary election as many separate and distinct superior courts in a county or city and county as there are judges to be elected. He cites in support of his contention a decision of the Supreme Court of Ohio, *State* v. *Bernon*, 124 Ohio St. 294 [178 N. E. 267]. We cannot approve the contention of petitioner or accept the opinion of the Ohio court. Each rests upon a confusion of the terms ''judges'' and ''courts''. Petitioner's entire argument on this point is based upon the theory that the superior court judges occupy a single office. The provision of the Constitution has nothing whatever to do with the question whether the judges constituting the superior court shall be deemed to hold one or several offices. A decision of the Supreme Court of Washington on the precise point is applicable here. In *State* v. *Bartlett*, 131 Wash. 546 [230 Pac. 636], the court was called upon to construe provisions in the Constitution of that state similar to the provisions of our own Constitution with reference to the superior court. The court held that the provisions should not be construed as a declaration that there was but one ''office'' of superior court judge in each county, and pointed out that ''confusion should be avoided between 'judges' and 'courts'.'' ''The court is one entity,'' contin-

ues the decision, ''of which there may be several judges, and the legislature having been given power [as in the case in California] to designate the number of judges constituting a court in each county, there seems no reason why the same body may not enact such reasonable procedure as it sees fit for the election of these several judges.''

■ Neither do we share with petitioner his view that the act of 1927, *supra*, conflicts with article II, section 2¾, of the Constitution. There is nothing in that section, or any other section cited by him, that in any manner indicates an intention that all or any number of the judges of a single court must be regarded as occupying a single office. The section, as we view it, merely lays down a rule for determining, in the case of judicial, school, county, township or other nonpartisan office, who is elected in those cases where the Constitution or statutes provide for electing two or more persons to a single office. But we find nothing in the language of the section that requires the election of two or more persons to a single office in the case of the election of judges of the superior court. As in the Washington case, the Constitution of this state directs the legislature to enact laws providing for the direct nomination of candidates for public office by the electors. (Art. II, sec. 2½, *supra*.) The section relied on so strongly by petitioner (sec. 2¾), not requiring a different mode of nomination than that prescribed for judical officers by the act of 1927, *supra*, and the plan therein appearing to us to be workable and not in any way unreasonable, the petition of petitioner must fail.

The position taken by the Supreme Court of Ohio in *State* v. *Bernon, supra,* is not, in our opinion, sufficient to warrant our declaring the statute of 1927 unconstitutional. Neither do we feel that the decisions of this state cited by petitioner on the point that there is but one superior court in each county or city and county, go so far as to hold that it therefore follows that there is but one office of superior judge in such county, or city and county. A case just called to our attention which tends to uphold the constitutionality of the statute of 1927 here in question is *Kerr* v. *Luttrell,* 143 Okl. 275 [288 Pac. 938].

Further discussion of the points raised by petitioner seems to be unnecessary.

The demurrer of respondent is sustained, and the applition for the writ of mandate is denied.

Preston, J., Shenk, J., Langdon, J., Tyler, J., *pro tem.*, Seawell, J., and Curtis, J., concurred.