Weygandt, C. J.
 

 House Bill No. 652, 116 Ohio Laws, part 2, —, reads in part as follows:
 

 “Section 1. There shall be a court of common pleas in each county of the state held by one or more judges, . each of whom shall have been admitted to practice as an attorney and counsellor at law in this state for a period of at least six years immediately preceding his appointment or commencement of his term, residing in said county and elected by the electors therein. Each judge shall be elected for six years at the general county election next preceding the year in which the term, as hereinafter provided, shall commence, and his successor shall be elected at the general county election next preceding the expiration of such term. Each judge heretofore elected as a judge of the court of common pleas shall continue to serve as judge of said court until the expiration of his term of office; provided, however, that any vacancy which has occurred in any office of judge of said court of common pleas, the term of which office has not expired, and which vacancy has not yet been filled in the manner provided in section 141 of the General Code, and any vacancies which may hereafter occur, in each instance shall be filled in the manner provided in said section 141 of the General Code. The number of judges for each county, the time for the next election of s'aid judges in several counties and the beginning of their terms shall be as follows: * * *
 

 “In Cuyahoga county, 15 judges. The terms of seven of said judges shall commence January 1, 1937, January 2, 1937, January 3, 1937, January 4, 1937, January 5,1937, January 6,1937, and January 7,1937,
 
 *100
 
 respectively. Said seven judges shall be elected in 1936.
 

 “The term of another said judge shall commence February 9, 1937; said judge to be elected in 1936.
 

 “The terms of four of said judges shall commence January 1,1939, January 2,1939, January 3,1939, and January 4, 1939, respectively.. Said four judges shall be elected in 1938.
 

 “The terms of three of said judges shall commence January 1,1941, January 2,1941, and January 3,1941, respectively. Said three judges shall be elected in 1940. * * *
 

 “Section 2. That Section 1532 and Sections 1532-1 to 1532-12, both inclusive, of the General Code be, and the same are hereby repealed.”
 

 It will be noted that in substance this bill repeals and supersedes Sections 1532 to 1532-12, inclusive, General Code, relating to the offices of judges of the Courts of Common Pleas. Under the provisions of those sections the people of Cuyahoga county would choose at the general election in 1936, eight judges of the Court of Common Pleas for terms of six years each. One of those terms would begin February 9, 1937, and the other seven would start January 1, 1937. The dates of six of these eight terms are affected by the act in question. One term beginning January 1, 1937, and that starting February 9, 1937, remain unchanged, but it is now provided that the remaining six terms shall begin on the respective dates of January 2, 3, 4, 5, 6 and 7,1937. The single and simple question here presented is whether these changes are violative of ‘any provision of the Constitution of Ohio.
 

 First it must be noted that, although much comment has been made with reference to the wisdom of this enactment, this is a phase of the matter with which this court is not permitted to concern itself. The de
 
 *101
 
 cisive question confronting this court is one solely of power and not in any sense one of policy.
 

 Under the Constitution of Ohio did the Legislature have the power to repeal the existing sections and enact the provisions of House Bill No. 652, 116 Ohio Laws, part 2, —? The conclusive answer is found in the pertinent sections of Article IY of the Constitution. Sections 1 and 3 provide for Courts of Common Pleas and require that there be at least one judge thereof in each county. Then there is the further provision for the election of such
 
 additional
 
 resident judges
 
 as may be provided
 
 by.
 
 law.
 
 This language is sufficiently comprehensive to be decisive of this controversy, but fortunately it is unnecessary to rely upon it alone. In Section 15 of Article IY appears the inescapable provision that “Laws may be passed * * * to increase beyond one or diminish to one the number of judges of the court of common pleas in any county.” In the exercise of this power what has the Legislature in fact done in this enactment? The relator suggests two possible theories, each of which he insists is fatal to the alleged constitutional validity of this act. According to the first, this was a
 
 repeal
 
 of Sections 1532 to 1532-12, General Code, thereby destroying the present judgeships and creating new ones in Cuyahoga county. Under the second theory this was merely a pretended repeal and was in fact an
 
 amendment
 
 to these sections. However, a careful study of the constitutional provisions fails to disclose any reason whatsoever why the Legislature could not properly have followed either course. Under the repeal theory Cuyahoga county will at no time be deprived of its constitutional minimum of one judge; neither will this occur under the amendment theory. It is urged further that the Constitution permits no: legislative interference with the length of term. This is of course true; and under each theory each incumbent will be
 
 *102
 
 allowed to serve the entire term for which he was elected. Likewise the judges to be elected for full terms in the future will be chosen for exactly six years. According to the unambiguous wording of the enactment itself the Legislature followed the repeal theory, as it had the power to dp.
 

 Also it is insisted by the relator that in separating the terms formerly beginning on January 1st, the Legislature violated the “equal protection and benefit” clause of Section 2 of Article I of the Constitution. What, possible merit can be found in this contention? The relator concedes the validity of the provision for one term beginning February 9, 1937. Likewise he concedes the validity of the varying term dates over the state ranging through seven different months of the year. He agrees also that no fault could be found with the separation of terms if the Legislature were creating new and additional judgeships. Yet carried to the ultimate, this contention of the relator obviously would invalidate the term beginning February 9, 1937, and would require its advancement to January 1st, or some other common date. Clearly if this date of February 9th is permissible, so is that of January 9th, or January 2nd, or any other. Manifestly mere proximity or identity of dates is wholly immaterial in creating terms of judicial office. Furthermore, what vested right can the relator or any other candidate for judicial office be said to have to a so-called group contest as distinguished from one in which but a single judgeship is to be filled?
 

 The relator relies strongly upon the decision of this court in the case of
 
 State, ex rel. Graves,
 
 v.
 
 Bernon,
 
 124 Ohio St., 294, 178 N. E., 267, and insists that it is controlling in the instant case. It is sufficient to observe that that controversy involved the constitutional validity of a statute requiring a judicial candidate to designate the particular term desired by naming the
 
 *103
 
 incumbent he sought to succeed. As indicated by paragraph two of the syllabus, this court held simply that such a required designation contravened Section 2 of Article I of the Constitution of Ohio. Furthermore, as clearly pointed out in the opinion of the Court of Appeals in that case, “counsel has not questioned the authority of the Legislature to establish in a given county separate terms beginning either in different years or at different times during the same year.”
 

 It is the conclusion of this court that the provisions of House Bill No. 652, 116 Ohio Laws, part 2, —, are a constitutionally valid exercise of legislative power. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Stephenson, Wiuliams, Jones, Day and Zimmerman, JJ., concur.
 

 Matthias, J., not participating.