NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3132

THE STATE EX REL. GRUMBLES *v.* DELAWARE COUNTY BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grumbles v. Delaware Cty. Bd. of Elections*, Slip Opinion No. 2021-Ohio-3132.]**

*Elections—Mandamus—There is no statute that prohibits a township trustee from being a candidate for a different seat on the same board of township trustees—Writ granted.*

(No. 2021-1072—Submitted September 8, 2021—Decided  September 13, 2021.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Robert "Ben" Grumbles, seeks a writ of mandamus ordering respondent, Delaware County Board of Elections, to place him on the November 2, 2021 election ballot as a candidate for a four-year term as an Orange Township trustee to commence on January 1, 2022.  The board rejected Grumbles's

nominating petition on the sole basis that he is currently serving a different four-year term as an Orange Township trustee that commenced on January 1, 2020. According to the board, Grumbles is ineligible to run for election to an office he already holds.

{¶ 2} We grant the writ. Because there is no statutory provision that bars Grumbles from being elected to a different seat on the same board of township trustees, the board of elections abused its discretion and disregarded applicable law in rejecting Grumbles's candidacy.

## I. Factual and Procedural Background

{¶ 3} A board of township trustees is composed of three members who are elected to staggered terms. Two trustees are elected to four-year terms at an election held in an odd-numbered year, and then a third trustee is elected to a four-year term at a different election held two years later, with each term beginning on the January 1 following the election. *See* R.C. 505.01.

{¶ 4} At the 2019 general election, Grumbles was elected as an Orange Township trustee for a four-year term beginning on January 1, 2020. On August 4, 2021, Grumbles filed a nominating petition and statement of candidacy with the board of elections, seeking to run in the November 2, 2021 election for a four-year term as Orange Township trustee beginning on January 1, 2022. Grumbles states that if he is elected, he will resign from or vacate his current seat on the Orange Township Board of Trustees. It is not disputed that the petition contains enough valid signatures to qualify Grumbles's name for placement on the ballot.

{¶ 5} At a meeting on August 16, the board of elections voted not to certify his name to the November ballot, on the basis that he already holds the office of Orange Township trustee. Grumbles asked the board to reconsider its decision, and the board held a reconsideration hearing on August 25. Grumbles argued that he was a registered elector and a resident of Orange Township and therefore qualified to run for township trustee for the term beginning on January 1, 2022. Grumbles

conceded that if his name were to be placed on the ballot and win in this November's election, he would have to resign the term that began on January 1, 2020, upon taking office for the term beginning on January 1, 2022. In support of the validity of his candidacy, Grumbles noted that the board previously allowed a county commissioner who was in the middle of a four-year term to seek election to a seat with a different term on the same board of county commissioners.

{¶ 6} The board voted unanimously to deny reconsideration and to keep his name off the ballot. Two days later, Grumbles commenced this expedited election action, asking this court to issue a writ of mandamus ordering the board to certify his name for placement on the November 2 ballot as a candidate for Orange Township trustee. Grumbles also seeks recovery of his attorney fees on the basis that the board acted in bad faith in refusing to certify his candidacy.

{¶ 7} The parties have submitted evidence and filed briefs in accordance with the expedited schedule set by this court. *See* 164 Ohio St.3d 1417, 2021-Ohio-2974, __ N.E.3d __. The matter is now ripe for decision.

## II. Analysis

{¶ 8} To be entitled to a writ of mandamus, Grumbles must establish by clear and convincing evidence (1) a clear legal right to be placed on the ballot as a candidate for township trustee, (2) a clear legal duty on the part of the board to place his name on the ballot, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Yeager v. Richland Cty. Bd. of Elections*, 136 Ohio St.3d 327, 2013-Ohio-3862, 995 N.E.2d 228, ¶ 15. Because of the proximity of the November 2 election, Grumbles lacks an adequate remedy in the ordinary course of the law. *Id.* at ¶ 16. As to the first two elements, Grumbles must show that the board engaged in fraud, corruption, an abuse of discretion, or a clear disregard of the applicable law. *State ex rel. N. Olmsted v. Cuyahoga Cty. Bd. of Elections*, 93 Ohio St.3d 529, 532, 757 N.E.2d 314 (2001).

{¶ 9} Grumbles does not allege fraud or corruption. Accordingly, our inquiry is whether the board abused its discretion or failed to follow clearly established law in refusing to certify Grumbles's candidacy for the November ballot.

A. *May Grumbles Run for a Different Seat on the Same Board?*

{¶ 10} R.C. 505.01 states:

> In each township there shall be a board of township trustees consisting of three members. Two of such trustees shall be elected at the general election in nineteen forty-nine and quadrennially thereafter, in each township, who shall hold office for a term of four years, commencing on the first day of January next after their election. The third trustee shall be elected at the general election in nineteen fifty-one and quadrennially thereafter, in each township, who shall hold office for a term of four years, commencing on the first day of January next after the person's election.

{¶ 11} Grumbles was elected to office in the 2019 general election as the "third trustee" defined by R.C. 505.01, and now seeks to run for one of the other two trustee seats this November. There is no dispute that Grumbles is a qualified elector of Orange Township and that his nominating petition and statement of candidacy contained enough valid signatures to qualify him for the ballot. And absent a specific constitutional or statutory prohibition on his candidacy, Grumbles argues, he has a clear legal right to have his name placed on the ballot.

{¶ 12} A board of elections shall accept any candidate's petition "unless * * * the petition violates the requirements of [R.C. Chapters 3501 or 3513] or any other requirements established by law." R.C. 3501.39(A)(4). The board does not contend that Grumbles's petition violates any statute in R.C. Chapters 3501 or

4

3513. But the board argues that Grumbles is ineligible to run in this November's election because the statutory scheme governing the election of township trustees "does not explicitly or implicitly authorize a township trustee to seek election to the same office two years before the expiration of their current term." Thus, the board contends that Grumbles's candidacy is unauthorized by law.

{¶ 13} In support of its position, the board cites *State ex rel. Graves v. Bernon*, 124 Ohio St. 294, 178 N.E. 267 (1931). In *Graves*, a county board of elections rejected Graves's petition to be a candidate for municipal-court judge because he had failed to specify which judicial incumbent or seat he was seeking to succeed, as required by statute. *Id.* at 297-298. At the election at issue, five municipal-court judges were to be elected to six-year terms commencing on January 1, 1932, but there was only one incumbent judge at that time. *Id.* at 294, 298. This court invalidated the statute as applied to Graves, partly because it rejected the premise that each judge was to be elected to a distinct office:

> Here is but one office and but a single term. The judges who are to be elected all fill the same term of office; they do not fill distinct offices, nor do they perform different functions, but all perform the same duties during the period of their same official term.

*Id.* at 298. The board analogizes this description of the municipal-court judgeships at issue in *Graves* to the office of township trustee, which the board argues "does not have separate and identifiable seats."

{¶ 14} *Graves* is inapt, however, because it says nothing about the ability of an incumbent of an office on a multiseat board to run for election to a *different seat* on the same board. Moreover, the board's analogy is flawed because it is belied by the applicable statutory language. R.C. 505.01 plainly provides for three distinct seats on a board of township trustees.

{¶ 15} The board's next argument is similarly flawed. The board recognizes that elected officials often run for another elected office while continuing to hold the office for which they were originally elected. Thus, for example, the board deems it permissible for a sitting county commissioner to run for another seat on the same board of commissioners because R.C. 305.01 labels each seat with a separate term and separate starting date.[1] Township trustees are different, according to the board, because R.C. 505.01 provides for two of three township trustees to be elected at the same election and to start their terms on the same date (i.e., January 1 following the election), making the offices indistinguishable.

{¶ 16} But the board fails to show why this is a distinction that makes a difference. In this case, Grumbles currently holds the office of township trustee with a term that began on January 1, 2020, and he seeks to run for a seat with a *different* four-year term on the same board of township trustees, beginning on January 1, 2022. There is nothing in the statutory scheme governing township trustees or elections generally that prohibits Grumbles from seeking to be elected to a seat with a different term than the one he is currently serving.

{¶ 17} Finally, the board also contends that if Grumbles were elected in November, he would be involved in appointing his successor to the trustee position he would vacate. *See* R.C. 503.24 (board of township trustees appoints person to

---

1. R.C. 305.01 provides:

> The board of county commissioners shall consist of three persons who shall be elected as follows:
> (A) In November, 1974, and quadrennially thereafter, one county commissioner shall be elected to take office on the first day of January following.
> (B) In November, 1972, and quadrennially thereafter, two commissioners shall be elected. The term of one of such commissioners shall commence on the second day of January next after his election, and the term of the other commissioner shall commence on the third day of January next after his election.

fill a vacancy).[2] This inherent conflict of interest, argues the board, must mean that the General Assembly intended to treat the position of township trustee differently from elected offices for which it is permitted for a current officeholder to run for a different term of the same office. For example, the board notes, similar conflicts of interest do not exist for vacancies on a board of county commissioners, which are filled by a county central committee under R.C. 305.02.

{¶ 18} The board's argument is not persuasive, because it is grounded in supposed policy considerations that are not set forth in the statutes governing election of township trustees. When the General Assembly has prohibited candidacies, it has done so expressly. *See*, *e.g.*, R.C. 3513.04 (prohibiting persons who have unsuccessfully sought party nomination from running for the same office at the general election); R.C. 3513.253 (prohibiting the filing of a nominating petition by a person who has already filed a nominating petition for another township or municipal office). But the General Assembly has enacted no statute that prohibits a township trustee from being a candidate for a different seat on the same board of township trustees. We will not add a requirement for a candidate for township trustee—i.e., that he is not currently a township trustee—that is not expressed by statute. *See State ex rel. Columbia Reserve, Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 32.

{¶ 19} Grumbles meets the statutory qualifications to run for Orange Township trustee, and there is no statutory provision that prohibits him from being a candidate for a different seat on the same board. Accordingly, the board abused its discretion and disregarded applicable legal authority in declining to certify his candidacy for the November general election ballot.

---

2. If the board of trustees does not appoint a successor trustee within 30 days after the occurrence of the vacancy, "a majority of the persons designated as the committee of five on the last-filed nomination petition of the [trustee] whose vacancy is to be filled who are residents of the township shall appoint" the successor. R.C. 503.24. Failing that, the power to appoint Grumbles's successor would go to the presiding probate judge of Delaware County. *Id.*

*B. Attorney Fees*

{¶ 20} Grumbles also seeks to recover his attorney fees on the basis that the board excluded him from the ballot in bad faith. *See State ex rel. Maloney v. Sherlock*, 100 Ohio St.3d 77, 2003-Ohio-5058, 796 N.E.2d 897, ¶ 55 (absent a statute allowing attorney fees as cost, the prevailing party is not entitled to attorney fees unless the opposing party acted in bad faith). To recover attorney fees based on "bad faith," Grumbles must show more than the board's negligence or bad judgment on the part of the board. *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 26. The phrase connotes a dishonest purpose, moral obliquity, conscious wrongdoing, or some ulterior motive or ill will. *Id.*

{¶ 21} According to Grumbles, the board's justifications for rejecting his candidacy are "so farfetched and fantastical that they can only be considered pretextual, not a bona fide interpretation or application of the laws governing access to the ballot." Grumbles does not explain, however, what he believes the board's actual motives were. That is, he does not present evidence from which to infer that the board was motivated by something other than an honest belief that his candidacy was not permitted by law.

{¶ 22} Though the board's justifications for keeping Grumbles off the ballot are legally incorrect, we do not find any evidence in the record to show that the board's reasons were "contrived attempts to justify an untenable position." *State ex rel. Fairfield Leader v. Ricketts*, 56 Ohio St.3d 97, 104, 564 N.E.2d 486 (1990). In totality, the record shows that the board struggled with Grumbles's candidacy because it was unusual and unprecedented, with no statutory or case-law authority that either prohibited or permitted it. Under those circumstances, Grumbles has not established that the board harbored either ill will or a dishonest purpose in rejecting his candidacy.

### III. Conclusion

**{¶ 23}** For the foregoing reasons, we grant a writ of mandamus ordering the board to certify Grumbles's name for placement on the November 2, 2021 ballot as a candidate for Orange Township trustee. We deny Grumbles's request for attorney fees.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

McTigue & Colombo, L.L.C., Derek S. Clinger, Donald J. McTigue, and J. Corey Colombo, for relator.

Melissa A. Schiffel, Delaware County Prosecuting Attorney, and Mark W. Fowler and Vince J. Villio, Assistant Prosecuting Attorneys, for respondent.

_____