[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Summit Cty. Republican Party Executive Commt. v. LaRose*, Slip Opinion No. 2023-Ohio-1165.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1165

THE STATE EX REL. SUMMIT COUNTY REPUBLICAN PARTY EXECUTIVE

COMMITTEE *v*. LAROSE, SECY. OF STATE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Summit Cty. Republican Party Executive Commt. v. LaRose*, Slip Opinion No. 2023-Ohio-1165.]**

*Attorney fees—Relator failed to show that secretary of state acted in bad faith in rejecting its recommendation to make reappointment to county board of elections—Relator's motion for attorney fees denied.*

(No. 2021-0327—Submitted February 7, 2023—Decided April 11, 2023.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} In 2021, we granted a writ of mandamus compelling respondent, Secretary of State Frank LaRose, to reappoint Bryan C. Williams to the Summit County Board of Elections. *State ex rel. Summit Cty. Republican Party Executive Commt. v. LaRose*, 165 Ohio St.3d 185, 2021-Ohio-1464, 177 N.E.3d 218. More

than a year after we granted the writ, relator, the Summit County Republican Party Executive Committee, filed a motion for an award of more than $69,000 in attorney fees that it allegedly incurred in this case. We deny the motion.

{¶ 2} Attorney fees may be awarded in a mandamus case when the party against whom the fees would be taxed acted in bad faith. *See State ex rel. Kabatek v. Stackhouse*, 6 Ohio St.3d 55, 451 N.E.2d 248 (1983). To recover attorney fees based on bad faith, a party "must show more than negligence or bad judgment" on the part of the opposing party. *State ex rel. Grumbles v. Delaware Cty. Bd. of Elections*, 165 Ohio St.3d 552, 2021-Ohio-3132, 180 N.E.3d 1099, ¶ 20. "Bad faith" connotes a dishonest purpose, moral obliquity, conscious wrongdoing, or some ulterior motive or ill will. *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 26.

{¶ 3} The committee suggests that our decision granting a writ of mandamus establishes that Secretary LaRose acted in bad faith in rejecting the committee's recommendation to reappoint Williams. But in granting the writ, we held only that Secretary LaRose abused his discretion in rejecting the committee's recommendation. *See Summit Cty. Republican Party Executive Commt.* at ¶ 9, 28, 37, 46, 56, 60, 67, 70. Our prior holding does not, in itself, support the committee's request for an award of attorney fees.

{¶ 4} The committee's remaining arguments are unpersuasive. The committee points to the fact that Secretary LaRose included individualized allegations in his explanations for rejecting other recommended appointees and that only with respect to Williams did Secretary LaRose profess a desire for a "cultural change" without identifying specific wrongdoing. And the committee asserts that Secretary LaRose acted with "[p]olitical [h]ostility" because he "perceive[d] Williams as a political opponent." The evidence before us does not prove that Secretary LaRose rejected Williams's appointment out of personal animus or that

Secretary LaRose's allegedly insufficient explanation for rejecting the committee's recommendation reflects bad faith.

{¶ 5} The committee also asserts that Secretary LaRose's decision "caused severe and long-lasting consequences" to the committee. But the alleged severity of any consequences does not support the argument that Secretary LaRose acted in bad faith. Moreover, to the extent that Secretary LaRose's rejection of the committee's recommendation caused reputational harm, that harm was suffered by Williams, not by the committee.

{¶ 6} Because the committee has not shown that Secretary LaRose acted in bad faith in rejecting its recommendation to reappoint Williams, we deny its motion for attorney fees.

Motion denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Roetzel & Andress, L.P.A., Stephen W. Funk, and Emily K. Anglewicz; and Cassone Law Office, L.L.C., and Joshua J. Brown, for relator.

Dave Yost, Attorney General, and Julie M. Pfeiffer, Michael A. Walton, and Caitlyn N. Johnson, Assistant Attorneys General; Dickinson Wright, P.L.L.C., David A. Lockshaw Jr., and Terrence O'Donnell, for respondent.

_____